**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William J. O'Hayer,<br><br>    Plaintiff,<br><br>vs.<br><br>Hartford Life and Accident Insurance Company,<br><br>    Defendant. | No. CV-18-03565-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendant's Motion to Enforce Settlement. (Doc. 45) For the following reasons, the Court will deny the motion.

This case arises from a dispute regarding Hartford Life and Accident Insurance Company ("Defendant") paying William J. O'Hayer ("Plaintiff") long-term disability benefits after Plaintiff was injured on the job. (Doc. 1-6) The parties filed a notice of settlement on August 29, 2019. (Doc. 39) The Court ordered the case to be dismissed with prejudice on September 30, 2019 unless a stipulation to dismiss or request for reinstatement was filed prior to that date. (Doc. 40) The parties did not file a stipulation to dismiss or request for reinstatement, and the Clerk's Office dismissed the case with prejudice. (Doc. 41) On January 16, 2020, Defendant filed the Motion to Enforce Settlement, asserting that the parties reached a settlement agreement on August 23, 2019 but Plaintiff refuses to abide by the terms of the agreement. (Doc. 45 at 2) Citing *In re City Equities Anaheim, Ltd.*, 22 F.3d 954 (9th Cir. 1994), Defendant asserts that this Court has jurisdiction to enforce the

settlement agreement. (Doc. 45 at 4) The Court disagrees.

The Court finds that *In re City Equities Anaheim, Ltd.* is distinguishable because in that case the underlying bankruptcy was still ongoing when the plaintiff motioned for the enforcement of an ancillary settlement agreement. *Id.* at 956-57. In addition, subsequent to the *In re City Equities Anaheim, Ltd.* decision, the United States Supreme Court held that "enforcement of [a] settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382 (1994). This is because enforcement of a settlement agreement "'is more than just a continuation or renewal of the dismissed suit.'" *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1017 (9th Cir. 2007) (*quoting Kokkonen,* 511 U.S. at 378). As an exception to this rule, federal courts have jurisdiction to enforce a settlement agreement in a dismissed case when the dismissal order incorporated the settlement terms, or the court expressly retained jurisdiction over the settlement agreement. *Alvarado*, 508 F.3d at 1017. Under those circumstances, a breach of the agreement is a violation of the court's order, and the court has jurisdiction to enforce its order. *Kokkonen*, 511 U.S. at 381.

Here, the Court's Order dismissing the case did not incorporate the terms of the settlement agreement and did not expressly retain jurisdiction. (Doc. 40) Therefore, the Court does not have jurisdiction to hear Defendant's motion. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Enforce Settlement (Doc. 45) is **denied**.

Dated this 26th day of March, 2020.

Honorable Steven P. Logan
United States District Judge